```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  RENEE COPPOLA,                                            :
                                                            :
                                                            :   MEMORANDUM DECISION AND
                                                            :   ORDER
                           Plaintiff,                       :
                                                            :   23-cv-3873 (BMC)
               - against -                                  :
                                                            :
                                                            :
                                                            :
  COMMISSIONER OF SOCIAL SECURITY                           :
  ADMINISTRATION,                                           :
                                                            :
                                                            :
                           Defendant.                       :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

1. Plaintiff seeks review of the decision of the Commissioner of Social Security, following a hearing before an Administrative Law Judge, that she is not disabled, as defined in the Social Security Act and its regulations, for the purpose of receiving disability insurance benefits under Title II of the Act. The ALJ found that although she had a severe impairment of multiple sclerosis, she retained sufficient residual functional capacity to do light work with some dynamic and postural restrictions. He found that her past relevant work as a school guidance counselor did not require a higher level of functional capacity, and therefore found her not disabled.

2. Plaintiff's perfunctory brief (it contains one page of argument) basically states that since plaintiff has had MS for years and has manifested various symptoms of the disease, the ALJ should have found her disabled. Plaintiff does not address at all, however, the central issue in the case – she was able to work quite well as a guidance counselor for years despite having MS with the same symptomology, and there was no showing on the record that her condition

after the alleged onset date had deteriorated. In fact, her test results before and after the alleged onset date were essentially the same. Her MRIs were the same. Her neurologist's notes showed her to be clinically stable. Her psychiatrist's notes about her symptoms were the same before and after the onset date – normal appearance, attitude, motor activity, speech, thought form abd content, perceptions, alertness, orientation, concentration, memory, language, insight and judgment. Plaintiff has not directed me to a single place in the record even hinting at any kind of a deterioration from the time period when she was working to the time period beginning with her alleged onset date.

       3.      It is also significant that plaintiff did not stop working in the middle of a school year due to her impairment. She did not come back for the next year because, she told her doctor, she was "disappointed with her work," "tired with her job and boss," putting in retirement papers, looking forward to retirement, and taking time off to think about her future. Not a word about being unable to do the job because of MS.

       4.      Multiple sclerosis can be a terrible disease but there are many people with it whose symptoms are not severe and who are able to effectively manage it and engage in productive, full time occupations and careers. Everything in this record suggests that plaintiff is one of them.

       5.      Plaintiff's motion for judgment on the pleadings is denied, and the

2

Commissioner's cross-motion for judgment on the pleadings is granted. The Clerk is directed to enter judgment, dismissing the complaint.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
April 22, 2024